Charles Donaldson **WALKER**, Jewel Louise Loftis and Lanora Walker Best, Plaintiffs in Error,

v.

C. O. **WALKER**, Defendant in Error.

No. 42227.

Supreme Court of Oklahoma.

June 16, 1970.

W. D. Hart, Pauls Valley, for plaintiffs in error.

Haskell Paul, Pauls Valley, for defendant in error.

JACKSON, Justice.

The decisive question is whether the trial court's judgment is clearly against the weight of the evidence.

This is an appeal by some of the defendants in a quiet title action from a judgment in favor of plaintiff, quieting his title to certain city lots in Pauls Valley, Oklahoma.

The plaintiff was C. O. Walker, and the appealing defendants are three of his four children by his first wife, Ida Mae Walker.

Mrs. Walker died in September, 1954, while owning an undivided one half interest in the property involved in this appeal. She left a will under which all of her property was devised and bequeathed to her surviving husband, with the exception of one dollar to each of the four children. It was in form very similar to what is ordinarily referred to as a "mutual and conjoint will of husband and wife". It was admitted to probate in the county court of Comanche County and after due proceedings in which no contests were filed, a Final Decree was entered in which the court found, among other things, that she had died testate and had devised all of her real property to her husband. Apparently by inadvertence, the real estate involved herein was not specifically described in the Final Decree. The judgment in the probate case was not appealed and has become final. The proceedings in the probate case are in the record before us as an exhibit. They show that the three children all had proper notice of the proceedings, and it is not suggested that the probate judgment is void, or voidable, on the face of the judgment roll.

About ten years later the father filed this quiet title action against numerous defendants for the purpose of correcting various defects in his title to this property and other property he owned. Only the three children appeared and defended. They filed an answer and cross petition in which they each claimed an undivided one sixth interest in the Pauls Valley lots, subject only to the right of their father to what amounted to a life estate.

In the cross petition, the three children base their claim upon inheritance from their mother, and upon an alleged agreement with their father, entered into orally the day before the mother executed her will about a month before she died. It appears that the mother's last illness was a lengthy one, and that in August, 1954, her physician told the family that she had only a few weeks to live. The three children alleged that their mother was incompetent to make a will, but that they agreed with their father that " * * * a will would be drawn up and although the mother would not know what she was doing that they would get her to execute the same * * *." Under the alleged agreement, the father was to be named sole beneficiary and executor; he was to hold the property and take the profits therefrom until his death, at which time it was to be divided among the three children. The purpose of this arrangement, stated in the cross petition in more indirect language, was to "protect the estate" by depriving the fourth child, an allegedly irresponsible son, of the interest he would have inherited if his mother had died intestate. They also alleged that their father had remarried and had children "which was not contemplated because of his age."

In the trial court, defendants apparently proceeded upon the theory that they were the beneficiaries of a trust created by the agreement with their father, which came into being when their mother died. In their brief on appeal they refer to the agreement as an "executed oral contract" to which the Statute of Frauds is not applicable. They argue that the father's acts constituted duress as to them which, by reason of an alleged fiduciary relationship, created a trust in the property in their favor.

In the answer brief, the father argues that defendants' claim constitutes a collateral attack upon the final decree in the probate case; that if defendants claimed under an express trust, it was void because it was not in writing as required by 60 O. S.1961, Sec. 136(1); that if defendants claimed under a constructive trust, the evidence in this case did not meet the high degree of proof required, citing Peyton v. McCaslin, Okl., 417 P.2d 316, and Perdue v. Hartman, Okl., 408 P.2d 293.

The evidence on the question of the existence of the alleged oral agreement was

squarely in conflict, with two of the children testifying that there was such an agreement and the father flatly denying it.

■ We find it unnecessary to consider the legal arguments in the briefs. All parties agree that the property in question belonged to the mother at the time she died. Omitting from consideration entirely the question of the finality of the probate court judgment, it is evident that an essential link in the children's chain of evidence was proof that the mother was incompetent at the time she executed her will, that she was subjected to fraud, duress or undue influence at that time, or that the will was an outright forgery. We find no such evidence in the record before us. C. O. Walker testified she knew what she was signing and was not acting under his influence. Since it is not alleged or proved that the mother was a party to the oral agreement, she was free to dispose of her property in any way she saw fit.

There inheres in the judgment of the trial court a factual finding in favor of the plaintiff on his petition and a factual finding against the defendants on their cross-petition. There is competent evidence that Mrs. Ida Mae Walker was competent to execute the will; that she was not acting under the influence of C. O. Walker at the time she signed it; and that C. O. Walker at no time entered into the oral agreement with his children as alleged in their answer and cross petition. We are unable to say that the judgment of the trial court is clearly against the weight of the evidence.

■ In an action of equitable cognizance the judgment of the trial court will not be disturbed on appeal unless the same is clearly against the weight of the evidence. P & E Finance Co. v. Stonecipher, Okl., 386 P.2d 765.

The judgment of the trial court is affirmed.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.